## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

In re: W.R. GRACE & CO., et al.

| | | |
|---|---|---|
| STATE OF CALIFORNIA DEPARTMENT OF GENERAL SERVICES, | : : : : : | CIVIL ACTION NO. 08-863 |
| Appellant, | : : | |
| v. | : : | Bankruptcy Case No. 01-1139 |
| W.R. GRACE & CO., *et al.*, | : : | |
| Appellees. | : : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                            March 11, 2009

Appellant California Department of General Services (DGS) filed this Motion asking the

Court to either (1) take judicial notice of certain opposition briefs (Opposition Briefs), or (2)

supplement the record on appeal.  This Motion was filed in connection with the DGS's appeal of

the Bankruptcy Court's decision granting Appellee W.R. Grace's Motion for Summary

Judgment.  For the reasons discussed below, Appellant's Motion is denied.

## I.     BACKGROUND

The Opposition Briefs were submitted, by Grace and other companies, to the United

States Supreme Court in opposition to a petition filed by twenty-nine states, including California,

which sought to "deal with the national asbestos crisis in 1990."  (Appellant's Mot. ¶ 2.)  DGS

argues that these Opposition Briefs "contain information that is material to the pending appeal," and should be admitted in their entirety.  (Id. at ¶ 4.)

After filing its Notice of Appeal, DGS submitted its Designation of Items to be Included on Appeal and Statement of Issues Presented.  (Id. at ¶ 14.)  DGS included a complete copy of the Proposed Alabama Complaint, a brief in support of the Alabama Petition, and the Supreme Court Order denying the Petition in its list of Items to be Included on Appeal.  (Id.)  Grace only included "a portion of the Appendix to their summary judgment motion containing excerpts from the Motion for Leave to File Complaint and Brief, as well as from other materials not relevant to the State's Claims" in the Record on the Appeal.  (Id. at ¶ 15.)  Grace did not oppose any of the items included by DGS.  Neither party sought to include the entirety of the Opposition Briefs.

As indicated above, DGS provides two bases for inclusion of the Opposition Briefs: (1) this Court may take judicial notice of the Opposition Briefs under Federal Rule of Evidence 201; or (2) the record may be supplemented under Rule 10(e) of the Federal Rules of Appellate Procedure.  (Id. at 2.) This Court has jurisdiction, under 28 U.S.C. § 158(a).

## II.    DISCUSSION

### A.    Judicial Notice of the Opposition Brief is Unwarranted

Judicially noticed facts must either be generally known within the jurisdiction of the trial court, or be capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  See FED. R. EVID. 201(b); 1 WEINSTEIN'S FED. EVID. § 201.12[1](2d ed. 2001) ("While judicial notice based on general knowledge reflects the traditional approach ... notice of verifiable facts is a more modern development ... consistent with the approach of the Uniform Rules of Evidence.")

2

Generally, a "court of appeals may not consider material or purported evidence which was not brought upon the record in the trial court." U. S. ex rel. Bradshaw v. Alldredge, 432 F.2d 1248, 1250 (3d Cir. 1970); see e.g., In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997) (permitting consideration of a documents "integral to or explicitly relied upon in the complaint.") Courts of appeal "may take judicial notice of filings or developments in related proceedings which take place after the judgment appealed from." Werner v. Werner, 267 F.3d 288, 295 (3d Cir. 2001) (citing Fed. Ins. Co. v. Richard I. Rubin & Co., 12 F.3d 1270, 1284 (3d Cir. 1993); Landy v. Fed. Deposit Ins. Co., 486 F.2d 139, 150 (3d Cir. 1973).

DGS argues that, In re Peregrine Sys., Inc., 311 B.R. 679 (D. Del. 2004), provides "directly on-point case authority" for the proposition that it is proper to take "judicial notice of items not in the appellate record." (Appellant's Reply Br. 3-4.) In re Peregrine, however, actually stands for the proposition that appellate courts may take judicial notice of items raised at trial, but not included in the appellate record. In this case, the Opposition Briefs were never in the trial record—these Briefs are from a prior tangentially related suit. DGS seeks judicial notice of items that (1) were never raised before the Bankruptcy Court, (2) not included in its list of times for the Appellate Record, and (3) written for a different court and a different suit two decades ago.

Moreover, the Court fails to see the relevance of these Brief. DGS seeks their introduction because it claims that they raise the same statute of limitations argument that DGS unsuccessfully raised in arguing against Grace's Motion for Summary Judgment before the Bankruptcy Court. The Bankruptcy Court, however, carefully examined and rejected DGS's

statute of limitations arguments.  Even without the Opposition Briefs, this Court will have the relevant arguments, as raised by Grace and DGS, before it on Appeal.  The Opposition Briefs will be, at best, redundant.

The relevance of these briefs is further undermined by the fact that Grace's brief to the United States Supreme Court does not make the claim raised by DGS—that the statute of limitations was stayed as asbestos claims are not actionable under California law until asbestos containing material poses a health hazard.  The Opposition Briefs were prepared by five different companies.  One of these Briefs may have mirrored DGS's Bankruptcy Court argument; Grace's did not.[1]  For these reasons, this Court fails to see the relevance of judicial notice.

**B.**     **Supplementation of the Record Is Not Warranted Under Federal Rule of Appellate Procedure 10(e)**

Bankruptcy Rule 8006 governs the record on appeal, but it does not "address the procedure for supplementing the items designated in the record on appeal.  Other courts, in addressing this issue, have turned to Fed. R. App. P. 10(e) for guidance." In re Mystic Tank Lines, Co., Civ. A. No. 04-28333, 2005 U.S. Dist. LEXIS 32906, *1 (D. N.J. Dec. 12, 2005). Federal Rule of Appellate Procedure 10(e) provides that "if anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record by be certified." FED. R. APP. P. 10(e)(2).  Rule 10 further notes that the record on appeal is comprised: (1) original papers and exhibits filed in the

---

[1] Grace's Opposition Brief focused on the fact that complete diversity was lacking and that even if there was jurisdiction, the Supreme Court—for various prudential reasons—should decline jurisdiction.  Grace argued that asbestos cases would be "more efficiently processed by dividing the issues into discrete subparts, such as product identification, or statute of limitations issues," but this is a far cry from rationale given by DGS for including these Briefs. (Appellant's Mot., Ex. A, Grace's Opp. Br. 21.)

district court; (2) proceeding transcripts; and (3) a certified copy of the docket entries prepared by the district clerk. Fed. R. App. P. 10(a)(1-3). This Circuit has held, as a general rule, that Rule 10(e) bars "adding to the record anything that the district court has not considered." In re Capital Cities/ABC Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 97 (3d Cir. 1990). The Third Circuit has continued to refuse efforts to supplement an appellate record with material never presented at trial. See Ludwig v. Berks County, Pa., Civ. A. No. 07-3765, 2008 WL 3328281, *2 n.1 (3d Cir. Aug. 12, 2008) (denying motion to supplement the record with new evidence).

DGS argues that supplementation is warranted as "a record may be supplemented by materials from cases closely related to the appeal." In re Mystic Tank Lines, Co., 2005 U.S. Dist. LEXIS 32906, *3 (internal quotations omitted). The facts in In re Mystic are distinguishable. In that case, appellant sought to supplement the record by including two stipulations entered into by the State of New York in New York state court. Subsequently, the state court entered a default judgment in favor of New York state. This default judgment served as the basis for New York's claim filed in Mystic's bankruptcy. The Bankruptcy Court denied Mystic's motion to expunge New York's claim. But Mystic discovered these two stipulations after the motion to expunge was denied, and successfully sought to supplement the record as these stipulations were "directly relevant to the Bankruptcy Court's determination . . . because they would have precluded the state court from entering default judgment against Mystic." In re Mystic, 2005 U.S. Dist. LEXIS, *2. New York state did not oppose Mystic's motion to supplement. Id. at *1. In addition, both parties, on appeal, referred to the stipulations in their briefs. Id. at *3. Unlike the Opposition Briefs, the stipulations were directly relevant to Mystic's appeal. Had they been part of the

5

record, the Bankruptcy Court would have ruled differently as the stipulations "would have precluded the state court from entering a default judgment." Id. at *2.

In the present case, the relevance of the Opposition Briefs is highly attenuated—even if considered, they would not preclude the Bankruptcy Court's decision. While the Opposition Briefs involved some of the same parties and the same general issue, they were prepared for different suits with different causes of action. The similarities between the Opposition Brief and the present case are ephemeral and do not evince the sort of direct, causal relationship justifying supplementation of the record. Accordingly, supplementation under Rule 10(e) is not appropriate.

For the reasons discussed above, DGS's Motion is denied. An order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

In re: W.R. GRACE & CO., et al.

_____

_____

| | | |
|---|---|---|
| STATE OF CALIFORNIA | : | |
| DEPARTMENT OF GENERAL | : | CIVIL ACTION NO. 08-863 |
| SERVICES, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Bankruptcy Case No. 01-1139 |
| | : | |
| W.R. GRACE & CO., *et al.*, | : | |
| | : | |
| Appellees. | : | |
| _____ | : | |

## ORDER

AND NOW, this 11th day of March, 2009, upon consideration of Appellants' Brief

(Docket No. 6), Appellees' Response in Opposition (Docket No. 7), and Appellants' Reply Brief

(Docket No. 14) , it is hereby **ORDERED** that Appellants' Motion is **DENIED**.


BY THE COURT:


*s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S.J.